| | |
|---|---|
| 1   **ROMANO STANCROFF PC** <br>   Mark Romano, Esq. (SBN 244113) <br> 2   Timothy Whelan, Esq. (SBN 255037) <br>   Aliaksandra Valitskaya, Esq. (SBN 320680) <br> 3   360 N. Pacific Coast Hwy., Suite 1010 <br>   El Segundo, CA  90245 <br> 4   Telephone: (310) 477-7990 <br> 5   Fax: (310) 477-7995 <br>   mark@thelemonlawattorneys.com | **ELECTRONICALLY FILED** <br> Superior Court of California <br> County of Sonoma <br> 9/2/2020 8:30 AM <br> Arlene D. Junior, Clerk of the Court <br> By: Cyndi Nguyen, Deputy Clerk |

Attorneys for Plaintiff,
STEPHEN LEACH

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SONOMA

| | |
|---|---|
| STEPHEN LEACH, <br><br> Plaintiff, <br><br> vs. <br><br> FCA US LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: SCV-266996 <br><br> **COMPLAINT** <br><br> 1. **SONG-BEVERLY ACT** <br> 2. **MAGNUSON-MOSS ACT** <br><br> *Assigned for All Purposes to the Honorable* <br> Department |

Plaintiff, STEPHEN LEACH, alleges as follows against Defendants, FCA US LLC, and DOES 1 through 10 inclusive, on information and belief, formed after an inquiry reasonable under the circumstances:

### GENERAL ALLEGATIONS

1. Plaintiff is an individual residing in the City of Trinidad, County of Humboldt, and State of California.

-1-
Complaint

# EXHIBIT 1

2. Defendant FCA US LLC is and was a Delaware limited liability company registered to do business in the State of California with its registered office in the City of Los Angeles, County of Los Angeles, State of California.

3. This cause of action arises out of the sale of the vehicle in question from Lithia Chrysler Dodge Jeep Ram Fiat of Santa Rosa in the City of Santa Rosa, County of Sonoma, State of California.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendants together with appropriate charging allegations when ascertained.

5. All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

6. Each Defendant whether actually or fictitiously named herein, was the principal, agent (actual or ostensible) or employee of each other Defendant and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

7. On December 19, 2018, Plaintiff purchased a new 2018 Ram 1500, VIN: 1C6RR7VM7JS236966, ("the vehicle").

8. Express warranties accompanied the sale of the vehicle to Plaintiff by which FCA US LLC undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or provide compensation if there was a failure in such utility or performance.

9. The vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, various engine defects.

## FIRST CAUSE OF ACTION

(Violation of the Song-Beverly Consumer Warranty Act)

10. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

11. Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code section 1790 *et seq.*, the vehicle constitutes "consumer goods" or a "new motor vehicle" and Plaintiff has used the vehicle primarily for those purposes.

12. Plaintiff is a "buyer" of consumer goods under the Act.

13. Defendant FCA US LLC is a "manufacturer" and/or "distributor" under the Act.

14. The sale of the vehicle to Plaintiff was accompanied by an implied warranty that the vehicle was merchantable. The sale of the vehicle to Plaintiff was also accompanied by Defendants' implied warranty of fitness.

15. The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

16. Plaintiff delivered the vehicle to FCA US LLC authorized repair facilities for repair of the nonconformities on numerous occasions.

17. Defendants were unable to conform Plaintiff's vehicle to the applicable express and implied warranties after a reasonable number of attempts.

18. The defects and nonconformities rendered the vehicle unmerchantable.

19. Notwithstanding Plaintiff's entitlement, Defendant manufacturer has failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act.

20. By failure of Defendants to remedy the defects as alleged above, or to issue a refund or replacement, Defendants are in breach of their obligations under the Act.

21. Plaintiff is entitled to justifiably revoke acceptance of the vehicle under the Act.

22. Under the Act, Plaintiff is entitled to reimbursement of the purchase price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities.

23. Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendants' failure to comply with their obligations under the Act.

24. Plaintiff is entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

25. In addition to actual damages, Plaintiff is entitled to a civil penalty of up to two times the amount of actual damages, because Defendant does not maintain a qualified third-party dispute resolution process that substantially complies with Cal. Civ. Code § 1793.22 and failed to make restitution or replace the vehicle promptly and because Defendant willfully failed to comply with its obligations under the Act.

## SECOND CAUSE OF ACTION

(Violation of the Federal Magnuson-Moss Warranty Act - Against All Defendants)

26. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

27. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

28. Defendant, FCA US LLC is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

29. The vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

30. In addition to the express warranty, in connection with the sale of the vehicle to Plaintiff, an implied warranty of merchantability was created under California law. The vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

31. Defendants violated the Mag-Moss Act when they breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace or repurchase the vehicle.

32. Plaintiff performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiff's part under the terms of the sales agreement, and express warranty and implied warranty except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of the Defendants and/or by operation of law.

33. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

34. Under the Act, Plaintiff is entitled to rescission of the contract, reimbursement of the purchase price paid for the vehicle.

35. Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendants' failure to comply with their obligations under the Mag-Moss Act.

36. Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;

3. For diminution in value;

4. For incidental and consequential damages according to proof at trial;

5. For civil penalty in the amount of two times Plaintiff's actual damages;

6. For prejudgment interest at the legal rate;

7. For reasonable attorney's fees and costs of suit; and

8. For such other and further relief as the Court deems just and proper under the circumstances.

ROMANO STANCROFF PC

*/s/ Mark Romano*

Mark Romano, Esq. (SBN 244113)
Timothy Whelan, Esq. (SBN 255037)
Aliaksandra Valitskaya, Esq. (SBN 320680)
Attorney for Plaintiff
STEPHEN LEACH

Dated: 9/2/2020

-6-
Complaint